# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| COLUMBIA NATIONAL INSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CV416-012 |
| LIBERTY MUTUAL FIRE INSURANCE CO. and ENVIRONMENTAL RECOVERY CORP., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

In this declaratory judgment action, plaintiff Columbia National Insurance Co. served defendant Liberty Mutual Fire Insurance Co. shortly after filing its Complaint. Liberty answered on February 3, 2016. Doc. 6. That answer triggered a 60 day deadline (April 4, 2016) for the Court to issue a scheduling order,[1] and a 39 day deadline (March 14,

---

[1] See Fed. R. Civ. P. 16(b)(2) (a court must issue a scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared"). Because Liberty answered so quickly, the 60 day appearance trigger applied.

2016) for Liberty and Columbia to hold a Fed. R. Civ. P. 26(f) conference.[2]

Both deadlines have come and gone with nary a word, much less a Rule 26(f) conference, from Liberty or Columbia. Not only have the parties violated the Federal Rules, they have caused the Court to do so as well. Hence, the Court **ORDERS** Liberty and Columbia to, within 14 days of the date this Order is served, conduct the required Rule 26(f) conference and submit a proposed scheduling order to the Court.

Another matter requires the Court's attention. Under Fed. R. Civ. P. 4(m), "[i]f *a* defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- *must* dismiss the action without prejudice against that defendant or order that service by made within a specified time. But if the plaintiff

---

[2] Under Rule 26(f), "the parties must confer as soon as practicable -- and in any event at least 21 days before a . . . scheduling order is due under Rule 16(b)." With the Court's scheduling order due 60 days after Liberty's answer, the 26(f) conference should have occurred 21 days before that, or 39 days after the answer.

The Court's General Order requires parties to confer "by the earlier of 21 days after the filing of the last answer of defendants . . . or 45 days after the first appearance by answer or motion . . . of a defendant named in the original complaint." Doc. 5 at 1 (emphasis omitted). Only one of two defendants has answered here, so, in this case, the Order mandates a conference 45 days after Liberty's answer. That's obviously outside the 39 day limit mandated by Rules 26(f) and 16(b), so the Rules' deadline controls. Regardless of what deadline applies, the parties failed to timely confer. Note: The Court is in the process of amending its Local Rules to conform LR 26.1(a) to the new requirements of Federal Rule 16(b)(2).

shows good cause for the failure, the court must extend the time for service for an appropriate period." (emphasis added). Defendant Environmental Recovery Corp. remains unserved some 100 days after Columbia filed its Complaint. Doc. 1. The Court therefore **ORDERS** Columbia to, within 10 days of the date this Order is served, show cause why this case should not be dismissed without prejudice against Environmental Recovery.

    **SO ORDERED**, this  20th  day of April, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA